IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**EDWARD LAVON FERRIS,**

      **Petitioner,**

v.                                        Civil Action No. 5:19cv179
                                                    (Judge Bailey)

**CHRISTOPHER GOMEZ,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On May 21, 2019, the petitioner, Edward Ferris, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the petitioner's sentences and/or convictions in the Circuit Court of Culpeper County, Virginia. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. History

On January 26, 2011, in CR10A00129-01 & 02, the Petitioner was found guilty in Culpeper County, Virginia of possession with intent to distribute cocaine in violation of Virginia Code Section 18.2.48. On June 30, 2011, the petitioner was sentenced to incarceration with the Virginia Department of Corrections for a term of six years in the 01 case and ten years in the 02 case. The circuit court suspended all but five months of

each sentence and placed the petitioner on supervised probation following his successful completion of the Detention and Diversion Center Incarceration Programs. Thereafter, in CR13000287-01—03, a jury found the petitioner guilty of possession of a schedule II controlled substance in violation of Virginia Code Section 18.2.250. In addition, the circuit court found him guilty of two counts[1] of failure to appear in violation of Virginia Code Section 19.2.128. On November 3, 2016, the circuit court reconvened the matter for sentencing in CR13000287-01 through CR13000287-03 and for revocation hearing in Case Nos. CR10A00129-01 and CR10A00129-02. On November 16, 2016, the circuit court sentenced the petitioner to incarceration with the Virginia Department of Corrections for a term of ten years for possession of a Schedule II controlled substance in Case No. CR13000287-01 and one year for failure to appear in Case No. CR13000237-02; and confinement in jail for a period of six months for failure to appear in Case No. CR13000287-03. In addition, the circuit court revoked the previously suspended sentence of incarceration for balance of five years and seven months in Case No. CR10A00129-01 and the balance of 9 years and seven months in Case No. CR10A00129-02. The court then resuspended all but seven months of the sentence in CR10A00129-01 and all but seven months of the sentence in Case No. CR10A00129-02.

    As previously noted, the petitioner is currently incarcerated at FCI Gilmer. This incarceration stems from his conviction in the Western District of Virginia. After a five-day trial, a jury convicted him of aggravated robbery, brandishing a firearm during a crime of violence, being a felon in possession of a firearm, conspiracy to obstruct justice, causing another to corruptly destroy or conceal evidence and attempting to

---

[1] The offense dates were July 3, 2014 and October 28, 2014.

influence, obstruct or impede the administration of justice. On March 10, 2016, the petitioner was sentenced to an aggregate term of 170 months imprisonment. On August 22, 2017, the Fourth Circuit Court of Appeals affirmed the petitioner's convictions. On December 20, 2018, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which remains pending. The petitioner's current projected release date is June 2, 2027 via good conduct time. On December 12, 2017, the State of Virginia lodged a detainer.

## II.     Instant § 2241 Petition

The petitioner alleges following his conviction in CR13000287-01 through CR13000287-03 in the Circuit Court of Culpeper County, Virginia, he filed an appeal through counsel in the Court of Appeals of Virginia and filed a *pro se* supplement on April 27, 2017. He indicates that the Court of Appeals affirmed his conviction on October 3, 2017. In summary, the petitioner alleges that the inconsistent testimony at trial prevented guilt from being established "beyond a reasonable doubt." ECF No. 1 at 14. The petitioner acknowledges that he had not filed any post-conviction pleadings with respect to his conviction in the State of Virginia. For relief, the petitioner asks this court to reverse his conviction and remand for a new trial.

## III. Standards of Review

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the

3

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### III. Analysis

Unlike make § 2241 petitions which are filed by federal inmates, who also have state convictions, the petitioner is not challenging the Bureau of Prisons calculation of his sentence and seeking additional credit against his federal sentence. Rather, it is a direct challenge to the underlying validity of the state conviction and sentence. Therefore, it could be construed as a mandamus claim asking this Court to direct a state court judge to grant him a new trial, and this Court does not possess the subject matter jurisdiction under § 2241 to consider the petitioner's claims or direct the relief he seeks.[2]

---

[2] It is generally understood that § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence but is not generally available where the

4

The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official of the United States. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir. 1986) (unpublished opinion) (same). In Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988), the court held that "[t]he federal courts have no general power to compel action by state officials[.]"; se also Craigo v. Hey, 624 F.Supp. 414 (S.D.W. Va. 1985). Based on this law, the petitioner's request that this Court simply direct Virginia to retry him cannot be granted.

Although the petitioner fails to mention he same, he is subject to a detainer filed by the State of Virginia. Therefore, the undersigned has also reviewed this matter as a challenge to the detainer. The petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose or where his challenged state conviction or detainer arose. Therefore, the issue is whether a § 2241 petition, filed by a federal prisoner in the district of incarceration, is the appropriate vehicle to challenge a state conviction which arose in another state or for which he is not presently serving a sentence.

---

underlying validity of the conviction and sentence being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

Where a state has placed a detainer with federal authorities to ensure that at the conclusion of a prisoner's federal sentence, he will be returned to state authorities to begin serving a state sentence, the prisoner is "in custody' for the purpose of mounting a federal habeas attack on the state conviction upon which the detainer rests. Maleng v. Cook, 490 U.S. 488, 493 (1989); Thompson v. Missouri Board of Parole, 929 F.2d 396, 398 (8th Cir. 1991); see Fex v. Michigan, 507 U.S. 43, 44 (1993) (a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised with the prisoner's release is imminent").

On November 16, 2016, the circuit court sentenced the petitioner to incarceration with the Virginia Department of Corrections for a term of ten years for possession of a Schedule II controlled substance in Case No. CR13000287-01 and one year for failure to appear in Case No. CR13000237-02 as well as confinement in jail for a period of six months for failure to appear in Case No. CR13000237-03. By that date, the petitioner was already in the custody of the Bureau of Prisons following his conviction and sentence in the Western District of Virginia, and a detainer was lodged on December 12, 2017. Therefore, the petitioner is presently considered "in custody" for purposes of using the federal habeas statutes to challenge his Virginia state convictions underlying his unexpired and yet to be served state sentence.

When a federal inmate incarcerated in one state is challenging a detainer lodged by another state, the federal district court of confinement has jurisdiction to consider the inmate's § 2241 habeas clams regarding the detainer, as does the federal district court in the district where the detainer originated. Braden v. 30th Judicial Circuit Court of

Kentucky, 410 U.S. 484, 499 & n.15 (1973). Therefore, this Court (the district of incarceration) and the United States District Court for the Western District of Virginia (the district where the challenged detainer arose) have concurrent jurisdiction over this § 2241 petition.

However, before seeking federal habeas review of a state court conviction, a prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. Baldwin v. Reese, 541 U.S. 27, 29 (2004); see 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). This includes challenges to a detainer and its underlying state conviction.

In Virginia, exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding.[3] In the instant case, the petitioner, by counsel, filed an appeal in the Court of Appeals for Virginia. The petitioner maintained that the trial court erred in finding there was enough evidence to support his conviction for felony possession of a Schedule I or II controlled substance and two felony counts of failure to appear. On October 3, 2017, the Court of Appeals denied the petition for appeal. On April 12, 2018, the Supreme Court of Virginia

---

[3] The only trial court of general jurisdiction in Virginia is the circuit court. The circuit court has jurisdiction over all felonies. The Court of Appeals of Virginia provides appellate review of final decision of the circuit courts in criminal cases, except where a sentence of death is imposed. The decisions of the Court of Appeals are final in traffic infraction and misdemeanor cases where no incarceration is imposed, in domestic relations matters, and in cases originating before administrative agencies or the Virginia Workers' Compensation Commission. In cases where the decision of the Court of Appeals is not final, any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for an appeal. Although the Supreme Court of Virginia possesses both original and appellate jurisdiction, its primary function is to review decisions of lower courts, including the Court of Appeals
http://www.courts.state.va.us/courts/cib.pdf

7

dismissed the petitioner's appeal from this decision finding that the appeal was not perfected in the manner provided by law because the petitioner failed to file the notice of appeal in the Court of Appeals and failed to timely file the petition for appeal.

Where a state court has declined to review a claim due to the petitioner's failure to follow applicable state procedural rules in presenting it, the claim is procedurally defaulted. A federal court can consider a defaulted claim only where the petitioner can establish cause for the default and actual prejudice, or that failure to review will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501, U.S. 722, 750 (1991).; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Clearly, the petitioner has not exhausted the claims raised in his § 2241 because he failed to file a timely appeal to the Virginia Supreme Court. His claim is now procedurally barred under Virginia Code 8.01-654(A)(2), which provides a one-year statute of limitations for filing a state habeas petition. Because the procedural bar that gives rise to exhaustion is an independent and adequate state ground, his claim raised in the instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review. See Baker v. Corcoran, 220 F.3d 276, 288. (4th Cir. 2000).

The petitioner does not allege any claim of cause and prejudice to excuse the procedural default. Nor does he allege that a fundamental miscarriage of justice will result if federal habeas review is denied. Therefore, this Court lacks jurisdiction to entertain this matter as either a mandamus or as a habeas petition.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice** because this court lacks jurisdiction, and the petitioner's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: January 14, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

10